1  Edward R. Litwin SB#: 57635
   Christina H. Lee SB#: 230883
2  Litwin & Associates, A Law Corporation
   1435 Huntington Ave., Suite 336
3  South San Francisco, CA  94080
   (650) 588-7100 (t) (650) 588-4302 (f)

4

   Attorney for Plaintiffs
5

                                                                    **BZ**
6

7                    UNITED STATES DISTRICT COURT

8                  NORTHERN DISTRICT OF CALIFORNIA

   ARMEN KIRAKOSIAN and          )     Civil No.
9                                 )
   RITA NICHIPORUK,               )
10                                )
        Plaintiffs,               )
11                                )     PLAINTIFF'S ORIGINAL COMPLAINT
                                  )     FOR WRIT IN THE NATURE OF
        v.                        )     MANDAMUS
12                                )
   MICHAEL CHERTOFF, Secretary    )     "IMMIGRATION CASE"
13                                )
   EMILIO T. GONZALEZ, Director, CIS  )  CIS Nos.    A072-225-112
14                                )                  A097-358-852
   DONALD NEUFELD, CSC Director   )
15                                )
   Department of Homeland Security;  )
16                                )
   ROBERT S. MUELLER, Director    )
17                                )
   Federal Bureau of Investigation  )
18                                )
        Defendants.               )
19

20     COMES NOW Armen Kirakosian and Rita Nichiporuk, Plaintiffs in the above-styled and

21 numbered cause, and for cause of action would show unto the Court the following:

22 1.     This action is brought against the Defendants to compel action on Form I-485, Application to

23 Register Permanent Resident or Adjust Status properly filed by the Plaintiffs.  The applications remain

24 within the jurisdiction of the Defendants, who have improperly withheld action on said applications to

25 the Plaintiffs' detriment.

26

27

28

COMPLAINT                                1

PARTIES

2.      Plaintiff Armen Kirakosian is a 35 year-old citizen of Russia.  In February 2004, Plaintiff

Kirakosian filed an I-140 petition under the category of "Advanced degree or exceptional ability

requesting a National Interest Waiver."  The I-140 petition was approved on March 4, 2005.  On or

about April 11, 2005, he filed for lawful permanent resident status.

3.      Plaintiff Rita Nichiporuk is 39 year-old.  She was born in Russia, and is a citizen of the Ukraine.

On or about April 11, 2005, she and her son, Nikolay Nichiporuk, filed for lawful permanent resident

status as a derivative spouse and child pursuant to INA § 203(d), 8 USC § 1153(d).

4.      Defendant Michael Chertoff is the Secretary of the Department of Homeland Security (DHS)

and this action is brought against him in his official capacity.  He is generally charged with

enforcement of the Immigration and Nationality Act (the Act) and is further authorized to delegate such

powers and authority to subordinate employees of the DHS.  8 CFR §2.1.

5.      Defendant Emilio T. Gonzalez is the Director of Citizenship and Immigration Services (CIS),

an agency within the DHS to whom the Secretary's authority has in part been delegated and is subject

to the Secretary's supervision, and this action is brought against him in his official capacity. Defendant

Emilio T. Gonzalez is generally charged with the overall administration of benefits and immigration

services. 8 CFR §100.2(a).

6.      Defendant Donald Neufeld, California Service Center Director, is an official of the CIS office

and this action is brought against him in his official capacity.  Defendant Neufeld is generally charged

with supervisory authority over all operations of the CIS within his service area with certain specific

exceptions not relevant here. 8 CFR §100.2(d)(2)(i) and 8 CFR §100.4(a).  As will be shown,

Defendant Neufeld is the official with whom Plaintiffs' applications for lawful permanent resident

status have remained pending after proper filing.

7.      Defendant Robert S. Mueller is the Director of the Federal Bureau of Investigations (FBI) and

COMPLAINT                                              2

this action is brought against him in his official capacity.  Defendant Robert S. Mueller is the head of the FBI, an agency charged with duties such as conducting investigations regarding official matters under the control of the Department of Justice and the Department of State as may be directed by the Attorney General.  28 USC § 533.

## JURISDICTION

8.      The Court has jurisdiction of this action pursuant to 28 USC §§1331 and 1361, the Administrative Procedures Act of 5 USC § 555(b), 5 USC §701 *et seq.*, and 28 USC §2201 *et seq.* Relief is requested pursuant to said statutes.

## INTRADISTRICT ASSIGNMENT

9.      Pursuant to Civil L.R. 3-2(d), since the Plaintiff resides in Contra Costa County, assignment shall be to the San Francisco Division or the Oakland Division.

## VENUE

10.      Venue is proper in this court, pursuant to 28 USC §1391(e)(3), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where the Plaintiff resides if no real property is involved in the action.  Specifically, Plaintiffs reside at 45 Tahoe Court, Apt/Suite #4, Walnut Creek, California and no real property is involved in the instant action.

## EXHAUSTION OF REMEDIES

11.      Plaintiffs have exhausted their administrative remedies.  Plaintiffs have made numerous inquires concerning the status of their applications to no avail.

## CAUSE OF ACTION

12.      All legal prerequisites having been satisfied, Plaintiffs applied for adjustment of status to lawful permanent resident with the US Citizenship and Immigration Service (USCIS), California Service Center on April 11, 2005.

13.      On or about April 22, 2005, the USCIS sent the Plaintiffs biometrics appointment notices for May 6, 2005 at 11:00 a.m.  On May 6, 2005, Plaintiffs completed their biometrics at USCIS in Oakland, California.

14.      On January 6, 2006, Plaintiff Kirakosian contacted the USCIS regarding the pending I-485

COMPLAINT                                        3

1  applications.

2  15.    On February 10, 2006, the USCIS responded to Plaintiff Kirakosian stating that the processing

3  of I-485 cases have been delayed, and that a check of their records establishes that the principal

4  applicant's case is not yet ready for a decision as the required background check remained open.

5  16.    On April 7, 2006, the USCIS granted lawful permanent resident status to the Plaintiffs' son,

6  Nikolay Nichiporuk.

7  17.    On April 21, 2006, the USCIS sent Plaintiff Nichiporuk a letter to confirm her address.

8  18.    On September 15, 2006,  Plaintiff Kirakosian contacted the USCIS to inquire about the status of

9  his and his wife's I-485 application.

10  19.    On October 25, 2006, the USCIS sent a response to Plaintiff Kirakosian stating that the

11  processing of the case has been delayed as the required background check remained open.

12  20.    On March 1, 2007, Plaintiff Kirakosian sent a letter to U.S. Congresswoman Ellen O. Tauscher

13  requesting her assistance on his immigration case.

14  21.    On March 2, 2007, Congresswoman Tauscher sent Plaintiff Kirakosian a response letter

15  indicating that her office forwarded his letter to the Congressional Liaison at the USCIS California

16  Service Center.

17  22.    On March 7, 2007, the USCIS sent transfer notices to the Plaintiffs explaining that their I-485

18  applications were transferred from the California Service Center to the Nebraska Service Center to

19  speed up processing.

20  23.    On March 15, 2007, Plaintiffs contacted the USCIS regarding their pending applications and

21  were told that the FBI name check was still pending.

22  24.    On March 22, 2007, the USCIS sent another transfer notice to the Plaintiffs explaining that their

23  I-485 cases were transferred from the Nebraska Service Center back to the California Service Center to

24  speed up processing.

25  25.    On March 27, 2007, the USCIS sent the Plaintiffs biometric appointment notices for April 10,

26  2007 at 1:00 p.m.   On April 10, 2007, the Plaintiffs completed their biometrics at the USCIS in

27  Oakland.

28  26.    On May 20, 2007, Plaintiff Kirakosian called the FBI to inquire about his pending name check,

COMPLAINT                                    4

1    and he was told that only the USCIS can make inquiries.

2    27.    On June 10, 2007, Plaintiff Kirakosian contacted the USCIS regarding the pending I-485

3    applications and was told by the USCIS representative that the applications were pending due to the

4    FBI name check.

5    28.    On August 5, 2007, the Plaintiffs contacted the USCIS again regarding their pending

6    applications.

7    29.    On September 7, 2007, the USCIS sent a letter to the Plaintiffs stating that the processing of

8    their case has been delayed "as the required investigation into your background remains open."

9    30.    An on-line Case Status Search on September 16, 2007, indicated that Plaintiffs' cases were now

10    pending at the office to which it was transferred.

11    31.    Plaintiffs' applications for adjustment of status has now remained unadjudicated for over two

12    years and six months from the date of initial filing.

13    32.    Defendants have sufficient information to determine Plaintiffs' eligibility pursuant to applicable

14    requirements.  To date, said applications have not been adjudicated.

15    33.    Defendants' refusal to act in this case is, as a matter of law, arbitrary and not in accordance with

16    the law.  Defendants willfully, and unreasonably, have delayed in and have refused to adjudicate

17    Plaintiffs' applications, thereby depriving the Plaintiffs the right to a decision on their status and the

18    peace of mind to which Plaintiffs are entitled.

19    34.    The USCIS Defendants requested the Federal Bureau of Investigation, or other Federal agencies

20    unknown to the Plaintiffs, to complete and verify security checks with regard to Plaintiff Kirakosian

21    and Plaintiff Nichiporuk .  Defendant Mueller and unknown officers and officials under their direction

22    and control have failed and refused to complete such security checks.

23    35.    The Defendants, in violation of the Administrative Procedures Act, 5 USC §701 et seq., are

24    unlawfully withholding or unreasonably delaying action of Plaintiffs' applications and have failed to

25    carry out the adjudicative functions delegated to them by law with regard to the Plaintiffs' case.

26    36.    Plaintiffs have been damaged by the failure of Defendants to act in accordance with their duties

27    under the law.

28    (a)    Plaintiff Kirakosian has been damaged in that he was unable to secure a new job because

COMPLAINT                                    5

1  of his immigration status.  In February 2007, Plaintiff Kirakosian successfully interviewed for a job at a

2  Silicon Valley semi-conductor company.  The company wanted to make an offer to Mr. Kirakosian, but

3  could not because he was not a lawful permanent resident.  As a non-resident and as a citizen of a so

4  called "restricted" country (Russia), the company would have been required to obtain an Export

5  License for Mr. Kirakosian which is not only costly but is subject to a lengthy background check.  The

6  company could not wait for Mr. Kirakosian to obtain his Export License, and thus Mr. Kirakosian lost

7  this employment opportunity.

8      (b)    So long as the Plaintiffs' applications for adjustment of status is pending, their travel is

9  restricted by federal regulation which requires special permission to travel abroad ("advanced parole")

10  during the pendency of such application.  8 CFR §245.2(a)(4).  Departure without the advanced parole

11  would be deemed an abandonment of their permanent resident applications.  *Id.*  Plaintiffs have

12  therefore been forced to repeatedly apply (and pay) for this special travel permission, and is unable to

13  travel while said advanced parole application has been pending.  This situation operates to the great

14  inconvenience and harassment of the Plaintiffs.

15      (c)    Plaintiffs have also experienced tension in their life due to the uncertainty and anxiety

16  stemming from the pendency of their applications.  Plaintiffs have two sons, one of whom is a United

17  States citizen, and the other a lawful permanent resident.  The Plaintiffs are concerned about their

18  family, and what the future holds for them and their two boys.

19  37.    Plaintiffs have made numerous status inquires in an attempt to secure adjudication of their

20  application, all to no avail.  Accordingly, Plaintiffs have been forced to retain the services of an

21  attorney to pursue the instant action.

22                                    PRAYER

23  38.    WHEREFORE, in view of the arguments and authority noted herein, Plaintiffs respectfully pray

24  that the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order:

25      (a)    requiring Defendants Chertoff, Gonzalez, Neufeld to adjudicate Plaintiff's application

26          for adjustment of status;

27      (b)    requiring Defendant Mueller to complete its investigation and issue the results of the

28          security check, or show the Court reasonable cause why the security check cannot be

COMPLAINT                               6

1    issued;

2    (c)    awarding Plaintiffs reasonable attorney's fees under the Equal Access to Justice Act;

3    and

4    (d)    granting such further relief at law and in equity as justice may require.

5

6    Dated: _____10/23/07_____

7                                          Christina H. Lee

8                                          Attorney for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                                    7