Edward R. Litwin SB#: 57635
Christina H. Lee SB#:  230883
Litwin & Associates, A Law Corporation
1435 Huntington Ave., Suite 336
South San Francisco, CA  94080
(650) 588-7100 (t) (650) 588-4302 (f)

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ARMEN KIRAKOSIAN and RITA NICHIPORUK,<br><br>    Plaintiffs,<br><br>v.<br><br>MICHAEL CHERTOFF, Secretary<br>EMILIO T. GONZALEZ, Director, CIS<br>DONALD NEUFELD,  CSC Director<br>Department of Homeland Security;<br>ROBERT S. MUELLER, Director<br>Federal Bureau of Investigations;<br><br>    Defendants. | Civil No. C 07-05440 CW<br><br>PETITIONERS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT<br><br>Date:  March 6, 2008<br>Time:  2:00 p.m. |

## NOTICE OF MOTION

TO DEFENDANTS AND THEIR ATTORNEY OF RECORD:

NOTICE IS HEREBY GIVEN that on March 6, 2008 at 2:00 p.m., or as soon thereafter as counsel may be heard by the above-entitled Court, located at 1301 Clay Street, Suite 400 S, Oakland, California, 94612, Plaintiffs Armen Kirakosian and Rita Nichiporuk will and hereby move the Court for summary judgment on their petition for writ of mandamus.  Plaintiffs assert that there is no genuine issue of material fact in dispute and that they are entitled to a judgment as a matter of law.

## MOTION

Plaintiffs Armen Kirakosian and Rita Nichiporuk hereby move this court for summary judgment

Mot. For Summary Judgment                                                                          No. C 07-05440 CW

pursuant to Rule 56 of the Federal Rules of Civil Procedure. This motion is based upon this Notice of Motion and Motion for Summary Judgment, the accompanying Memorandum of Points and Authorities, the declaration of Christina H. Lee, all pleadings and papers on file in this action, and upon such evidence as may be presented to the Court at the time of the hearing.

Dated: 1/24/2008

                                                /s/
                                      Edward R. Litwin
                                      Christina H. Lee
                                        Attorneys for Plaintiffs

2

Mot. For Summary Judgment                                                     No. 07-05440 CW

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Pursuant to Fed. R. Civ. P. 56(c), Plaintiffs Armen Kirakosian and Rita Nichiporuk ("Plaintiffs") file their Points and Authorities in Support of their Motion for Summary Judgment. Plaintiffs filed a petition for writ in the nature of mandamus and complaint under the Administrative Procedures Act ("APA") because Defendants have failed to adjudicate their applications for permanent residency in a "reasonable time."  5 U.S.C. § 555(b).

Summary judgment should be granted because there is no dispute as to the length of time that Plaintiffs' applications have been pending, and there is no dispute that Defendants owe a statutory and regulatory duty to adjudicate Plaintiffs' applications.  Patel v. Reno, 134 F.3d 929, 931 (9th Cir. 1997); Azurin v. Von Raab, 803 F.2d 993, 995 (9th Cir. 1986).  As such, Plaintiffs' applications must be adjudicated within a "reasonable time" period. 5 U.S.C. § 555(b).  Plaintiffs request that the Court grant their Motion for Summary Judgment and order that Defendants adjudicate their applications for permanent residency within ten (10) days of the Court's order.  In addition, the Plaintiffs pray that the Court grant such other relief that may be appropriate, including costs, expenses, and reasonable attorney's fees pursuant to the Equal Access Justice Act, 28 U.S.C. § 2412 (1991).

### II.

### STATEMENT OF FACTS AS PLAINTIFFS ALLEGE

Plaintiffs Kirakosian and Nichiporuk are citizens of Russia.  In February 2004, Plaintiff Kirakosian filed an I-140 petition under the category of "Advanced degree or exceptional ability requesting a National Interest Waiver."  The I-140 petition was approved on March 4, 2005. Declaration of Christina H. Lee ("CHL Dec.") at Exhibit ("Exh.") A (Approval Notice).  On or about April 11,

2005, the Plaintiffs filed for their lawful permanent resident status. CHL Dec. at Exh. B (Receipt Notices).

Plaintiffs have exhausted their administrative remedies. Plaintiffs have made numerous inquires concerning the status of their applications to no avail. The United States Citizenship and Immigration Services ("USCIS) still has not adjudicated Plaintiffs' applications for lawful for permanent resident status. On October 24, 2007, Plaintiffs filed this action seeking an order directing the USCIS to adjudicate their applications for permanent residency.

III.

ARGUMENT

Summary judgment is proper when the pleadings, discovery and affidavits show that there is no "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The Plaintiffs move this Court to grant summary judgment in their favor because the Defendants have a statutory duty to adjudicate the Plaintiffs' pending applications for adjustment of status, and they have failed to act on that duty in a reasonable time.

A.   PLAINTIFFS ARE ENTITLED TO MANDAMUS RELIEF UNDER 28 USC § 1361.

Under 28 U.S.C § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus is a remedy to compel a federal official to perform a duty if: 1) the individual's claim is clear and certain; 2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt; and 3) no other adequate remedy is available. Patel v. Reno, 134 F. 3d 929, 931 (9th Cir. 1997). The Plaintiffs have a clear right to adjustment of status, the Defendants have a clear duty to adjudicate their applications for permanent residency and the Plaintiffs have no other adequate remedy available.

Mot. For Summary Judgment                                                                 No. 07-05440 CW

Section 245(a) of the INA, 8 U.S.C. § 1255(a), is the statute governing adjustment of status applications. The INA provides that an individual may apply for permanent residency if: 1) s/he has been inspected and admitted or paroled into the United States; 2) s/he is eligible to receive an immigrant visa and is admissible to the United States for permanent residence; and 3) an immigrant visa is immediately available at the time the application is filed. INA § 245(a), 8 U.S.C. § 1255(a). The Defendants have not provided any evidence contrary to the Plaintiffs' claims that they have met all the statutory requirements. Plaintiffs have met all the statutory requirements for adjustment of status. Plaintiffs, thus, have a clear and certain claim for adjustment of status.

The Defendants have a non-discretionary duty to adjudicate the Plaintiffs' applications for adjustment of status. The regulations provide that, "[t]he applicant *shall* be notified of the decision of the director, and, if the application is denied, the reasons for the denial…if the application is approved, the applicant's permanent residence *shall* be recorded as of the date of the order approving the adjustment of status. 8 C.F.R. § 245.2(a)(5) (emphasis added.)   The Supreme Court has made clear that the word "shall" constitutes a mandatory duty upon the subject of the command. See Pierce v. Underwood, 487 U.S., 552, 569-70 (1988) (Congress' use of "shall" in a housing subsidy statute constitutes "mandatory language"); see also Patel v. Reno, 134 F.3d 929 (agency has a duty to act on pending visa petition based on the requirements of the INA and its applicable regulations); Yu v. Brown, 36 F. Supp. 2d 922 (D.N.M. 1999).

B.  PLAINTIFFS ARE ENTITLED TO RELIEF UNDER THE ADMINISTRATIVE PROCEDURES ACT AS PLAINTIFFS' APPLICATIONS FOR ADJUSTMENT OF STATUS HAVE BEEN DELAYED FOR AN UNREASONABLE AMOUNT OF TIME.

The Administrative Procedures Act ("APA") provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each

5

Mot. For Summary Judgment                                                                      No. 07-05440 CW

agency shall proceed to conclude a matter presented to it . . ." 5 U.S.C. § 555(b). Further, the APA states that federal courts shall "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). Thus, the APA imposes a clear duty on the Defendants to act on Plaintiffs' applications; it gives the Plaintiffs a legal enforceable right to have their application for adjustment of status adjudicated. Although the Immigration and Nationality Act does not provide an exact time period in which an agency must act, the general timing provision for agencies is provided within the APA, which states that agency action should be concluded within a reasonable time. See 5 U.S.C. § 555(b); see also Forest Guardians v. Babbitt, 174 F.3d 1178 (10th Cir. 1999).

Plaintiffs' applications for adjustment of status have now been pending for 2 years, 9 months and 13 days. The delay the Plaintiffs have experienced is entirely unreasonable. See Galvez v. Howerton, 503 F. Supp. 35, 39 (C.D. Cal. 1980) (holding that a six month delay in processing an application for LPR was unreasonable); see also Jefrey v. INS, 710 F. Supp. 486, 488-89 (S.D.N.Y. 1989) (finding that delays of 16 and 20 months in processing LPR and other immigration applications are unreasonable); Dabone v. Thornburgh, 734 F. Supp. 195, 202 (E.D.Pa.1990) (same); Paunescu v. INS, 76 F. Supp. 2d 896, 901-02 (N.D. Ill. 1999) (holding that a ten month delay unreasonable). Further, section 202 of Title II of the American Competitiveness in the Twenty-First Century Act of 2000 (AC21) provides that immigrant applications should be completed no later than 180 days after initial filing. 8 U.S.C. § 1571.

Defendants have indicated that the case remains pending because Plaintiffs' FBI name checks were not yet complete. FBI name checks are part of the effort to ensure that immigration benefits are provided to only those individuals who are eligible. CHL Dec. at Exh. N (p.1) (USCIS Memorandum). Name checks search FBI administrative and investigative files based on the name and date of birth of the applicant and attempt to identify potential threats to national security. Id. In a Federal District

Mot. For Summary Judgment                                             No. 07-05440 CW

Court case recently decided in this District, where the applicant's FBI name check was not complete, the Court granted the granted summary judgment compelling the defendants to adjudicate plaintiff's two applications for adjustment of status. <u>Singh v. Still</u>, 470 F. Supp.2d 1064 (N.D. Cal. 2007). In that case, the Court found that the USCIS had a duty to process the applications and the FBI had a duty to process the name checks within a reasonable time, regardless who was responsible for the delay. The defendants in <u>Singh</u> argued that they could not be blamed for the slowness of the name check because it was the responsibility of the FBI. The <u>Singh</u> Court found that "even if the FBI were largely responsible for the delay as Respondents suggest, its conduct would properly be within the scope of the complaint herein." <u>Singh</u>, 470 F.Supp.2d at 1068. In fact, the USCIS can request the FBI to expedite FBI name checks. CHL Dec. at Exh. X (pg. 5) (USCIS Memorandum).

The Plaintiffs have complied with the requirements for eligibility under the statute, which includes having attended the required fingerprint appointments at the local USCIS Application Support Center. The Defendants have a duty to complete the adjudication of Plaintiffs' applications in a reasonable time. The Defendants have not provided any evidence to contradict the Plaintiffs' claims that they have met all the statutory requirements for adjustment of status. There is no genuine dispute that the Defendants have not complied with the requirements of the law. The Plaintiffs have been prejudiced by the Defendants' delay in adjudicating their applications for adjustment of status. Plaintiffs have been unable to freely travel or work without restrictions. They have been unable to plan their future due to the pendency of their applications. They have had to repeatedly apply and pay for extensions for their travel documents and their work authorizations.

IV.

CONCLUSION

Under the 8 U.S.C. 1361 and the Administrative Procedures Act, the Defendants owe a duty to

adjudicate the Plaintiffs' applications for permanent residency within a reasonable time. The Defendants have both unlawfully withheld and unreasonably delayed adjudication of Plaintiffs' applications. Thus, the Plaintiffs respectfully request that the Court grant Plaintiffs' motion for summary judgment and a writ of mandamus be issued against the Defendants to adjudicate their case within ten days of this Court's order granting summary judgment.

Dated: 1/24/08

                                                     /s/
                                     Edward R. Litwin
                                     Christina H. Lee
                                     Attorney for Plaintiffs