```
Edward R. Litwin SB#: 57635
Christina H. Lee SB#:  230883
Litwin & Associates, A Law Corporation
1435 Huntington Ave., Suite 336
South San Francisco, CA  94080
(650) 588-7100 (t) (650) 588-4302 (f)

Attorney for Plaintiffs
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ARMEN KIRAKOSIAN and RITA NICHIPORUK,<br><br>    Plaintiffs,<br><br>    v.<br><br>MICHAEL CHERTOFF, Secretary<br>EMILIO T. GONZALEZ, Director, CIS<br>DONALD NEUFELD,  CSC Director<br>Department of Homeland Security;<br>ROBERT S. MUELLER, Director<br>Federal Bureau of Investigations;<br><br>    Defendants. | Civil No. C 07-05440 CW<br><br>[PROPOSED] ORDER GRANTING PETITIONERS' MOTION FOR SUMMARY JUDGMENT |

The motion of Plaintiffs Armen Kirakosian and Rita Nichiporuk for summary judgment came on regularly for hearing before this Court on March 6, 2008.  Plaintiffs filed a complaint for writ in the nature of mandamus based on Defendants delay in adjudicating their applications for adjustment of status.  Their applications have been pending for over two and a half years and is based on Plaintiff Kirakosian's status as an immigrant with an approved immigrant visa petition and a current priority date.  See 8 USC § 1153(b)(2).

Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty if the Plaintiff can show that: (1) [his] claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available.  Patel v. Reno, 134 F.3d 929, 931 (9th Cir. 1997).  The Court finds that the Plaintiffs are entitled to mandamus relief because the Immigration and Nationality Act and the Code

of Federal Regulations have placed upon the Defendants a mandatory and nondiscretionary duty to adjudicate the Plaintiffs' applications for lawful permanent residence.

The Court further finds that the Respondents' failure to adjudicate the Plaintiffs' applications has been unreasonable, and thus in violation of the Administrative Procedures Act ("APA"). The APA requires that, "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b).

After considering the motion for summary judgment, the parties' responses, arguments of counsel and all other evidence presented to the Court, the Court concludes that the Plaintiffs are entitled to the relief they seek whether pursuant to mandamus or the APA. The Court therefore grants Plaintiffs' motion for summary judgment and orders that the Plaintiffs' applications for lawful permanent residency be adjudicated within ten (10) days of this order.

If the United States Citizenship and Immigration Services ("USCIS") is compelled to deny the application due to the fact that the Plaintiffs' name checks are not yet complete, the Court further orders the USCIS to request the FBI to expedite the Plaintiffs' name checks, and then adjudicate Plaintiffs' applications for lawful permanent residency within ten (10) days of this order.

IT IS HEREBY ORDERED that Plaintiffs' motion for summary judgment be GRANTED.

Dated: _____

CLAUDIA WILKEN
United States District Judge

[Proposed] Order Granting Mot. For SJ                                       C 07-1938  EDL