Edward R. Litwin SB#: 57635
Christina H. Lee SB#:  230883
Litwin & Associates, A Law Corporation
1435 Huntington Ave., Suite 336
South San Francisco, CA  94080
(650) 588-7100 (t) (650) 588-4302 (f)

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ARMEN KIRAKOSIAN and RITA NICHIPORUK ) <br><br> Plaintiffs, ) <br><br> v. ) <br><br> MICHAEL CHERTOFF, Secretary ) <br> EMILIO T. GONZALEZ, Director, CIS ) <br> DONALD NEUFELD,  CSC Director ) <br> Department of Homeland Security; ) <br> ROBERT S. MUELLER, Director ) <br> Federal Bureau of Investigations; ) <br><br> Defendants. ) | Civil No. C 07-05440 CW <br><br> PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT <br><br> Date:        March 6, 2008 <br> Time:       2:00 p.m. <br> Courtroom:   2, 4th Floor |

## I.      INTRODUCTION

Plaintiffs Armen Kirakosian and Rita Nichiporuk seek an order from this Court directing the

United States Citizenship and Immigration Services ("USCIS") to adjudicate their applications for

adjustment of status to that of lawful permanent residents.  Plaintiffs hereby oppose Defendants'

Motion for Summary Judgment.

## II.     STATEMENT OF FACTS

Plaintiffs Kirakosian and Nichiporuk are citizens of Russia.  In February 2004, Plaintiff

Kirakosian filed an I-140 petition under the category of "Advanced degree or exceptional ability

requesting a National Interest Waiver."  The I-140 petition was approved on March 4, 2005. Declaration

1  of Christina H. Lee ("CHL Dec.") at Exhibit ("Exh.") A (Approval Notice).  On or about April 11,

2  2005, the Plaintiffs filed for their lawful permanent resident status.  CHL Dec. at Exh. B (Receipt

3  Notices).

4

5  At this time, Plaintiff Kirakosian's pending FBI name check appears to be the only reason for

6  the delay in adjudication of Plaintiffs' I-485 applications.  According to CIS processing dates for

7  January 2008, the California Service Center is processing I-485 applications filed on July 19, 2007.  See

8  Exh. O (USCIS Processing Times).  Plaintiffs' I-485 applications have now remained pending for two

9  years, 10 months, and 3 days from the date of filing.

10

11  ### III.    ARGUMENT

12  Summary judgment is proper when the pleadings, discovery and affidavits show that there is no

13  "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

14  law." Fed.R.Civ.P. 56(c).  The Plaintiffs move this Court to grant summary judgment on their motion

15  for summary judgment filed on January 24, 2008, and oppose Defendants' motion for summary of

16  judgment as the Plaintiffs are entitled to judgment as a matter of law.

17

18  **A.    CONTRARY TO THE DEFENDANTS' ASSERTION, RELIEF ISAVAILABLE UNDER THE ADMINISTRATIVE PROCEDURES ACT AND THE MANDAMUS ACT.**

19

20  1.    The USCIS Has A Non-Discretionary Duty to Adjudicate Plaintiffs' Applications.

21  The USCIS has a non-discretionary duty to adjudicate the Plaintiffs' applications. Gelfer v.

22  Chertoff, 2007 WL 902382 at*2.  While the USCIS' duty to grant an adjustment status is discretionary,

23  its duty to process I-485 applications under 8 U.S.C. § 1255 is non-discretionary.  As the District Court

24  in Singh v. Still clarified, "there is a difference between the INS's discretion over *how* to resolve an

25  application and the INS's discretion over *whether* it resolves an application." (emphasis in original)

26  Singh v. Still, 470 F.Supp.2d 1064, 1067 (N.D.Cal.2007).

27

28

Plaintiffs' Opposition Motion                                              No. 07-05440 CW

1

2

3

In addition, the APA requires that adjudication be completed within a reasonable time frame.

4

As another court in this district recently held:

5

> To accept Defendants' argument that timing is always a matter of discretion
> beyond the Court's power to intervene would enable them to avoid judicial review

6

> even of adjudications that were postponed indefinitely.  This would eviscerate § 706(1)
> of the APA, which clearly gives the Court the power to "compel agency action…

7

> unreasonably delayed."  Clayton v. Chertoff, 2007 WL 2904049 at *5 (N.D.Cal. Oct 1, 2007)

8

    2.       28 U.S.C. §1331 Gives Jurisdictional Basis For Federal Courts to Review Agency

9

                Action under the APA.

10

The Plaintiffs concede that the APA does not provide an independent grant of jurisdiction.

11

However, the Supreme Court in Califano v. Sanders 430 U.S. 99, 105 (1977) has found that the federal

12

question statute, 28 U.S.C. § 1331, serves as the jurisdictional basis for federal courts to "review

13

agency action."  See also Bowen v. Massachusetts, 487 U.S. 879, 891 n.16 (1988) ("[I]t is common

14

ground that if review is proper under the APA, the District Court has jurisdiction under 28 U.S.C. §

15

1331").  Courts of Appeals have uniformly agreed that 28 U.S.C. § 1331 is the jurisdictional basis for a

16

suit to review agency action under the APA.  See also, Ana International Inc. v. Way, 393 F.3d 886, 890

17

(9th Cir. 2004) (finding that this rule applies in the immigration context); Yeboah v. U.S. DOJ, 345

18

F.3d 216, 220 (3d Cir. 2003) (SIJS visa case); Sabhari v. Reno, 197 F.3d 938, 943 (8th Cir. 1999)

19

(immigrant visa case); Sigman Coal Co. v. Apfel, 226 F.3d 291, 301 (4th Cir. 2000); Dixie Fuel Co. v.

20

Comm'r of Social Security, 171 F.3d 1052, 1057 (6th Cir. 1998); Trudeau v. FTC, 456 F.3d 178, 185

21

(D.C. Cir. 2006).  In Plaintiff's complaint filed on October 24, 2007, Plaintiffs alleged this Court's

22

jurisdiction under both the APA and 28 U.S.C. § 1331.  See Complaint, p. 3.

23

    3.       The Administrative Procedures Act Requires Adjudication be Completed Within a

24

                Reasonable Time Frame.

25

Further, the APA requires that adjudication be completed within a reasonable time frame.  As

26

27

28

1

another court in this district recently held:

2

3    To accept Defendants' argument that timing is always a matter of discretion
     beyond the Court's power to intervene would enable them to avoid judicial review
4    even of adjudications that were postponed indefinitely.  This would eviscerate § 706(1)
     of the APA, which clearly gives the Court the power to "compel agency action…
5    unreasonably delayed."  Clayton v. Chertoff, 2007 WL 2904049 at *5 (N.D.Cal. Oct 1, 2007)

6       4.     Compelling Action By USCIS Would Not Necessarily Interfere with the FBI's
               Discretion.
7

8       The Defendants' argument that compelling the USCIS to process Plaintiff Kirakosian's

9  application in a certain time frame amounts to compelling the FBI to exercise its discretion in a certain

10  manner is not persuasive.  In addressing this same argument, the District Court in Clayton v. Chertoff

11  responded by stating that "granting summary judgment in Plaintiff's favor would not amount to

12  dictating to the FBI how to conduct those checks.  Indeed, the Court has already concluded that the FBI

13  Defendants are not proper parties to this action, and any potential order would bind only the

14  DHS/USCIS Defendants.  It would be up to these Defendants to determine how best to comply with an

15

16  order compelling them to fulfill their obligations under the INA."  Clayton, 2007 WL 2904049 at *4.

17  **B.    A TWO-YEAR AND TEN MONTH DELAY IS NOT REASONABLE**

18      Even though Congress has not set forth a statutory time limit for adjudication of I-485

19  applications, the USCIS is required to conclude the matters presented to it within a reasonable time.

20  See 5 U.S.C. §§ 555(b), 706(1); see also 8 U.S.C. § 1571(b) ("It is the sense of Congress that the

21

22  processing of an immigration benefit application should be completed not later than 180 days after the

23  initial filing of the application ..."); see also Liu v. Chertoff, 2007 WL 2433337, *5 (E.D.Cal. 2007).  In

24  cases where courts have addressed the specific issue of whether there has been an unreasonable delay in

25  processing immigration applications, the courts have looked to the source of the delay, for example, the

26

27  complexity of the investigation as well as the extent to which the defendant participated in delaying the

28

Plaintiffs' Opposition Motion                                              No. 07-05440 CW

proceeding.  See Singh, 470 F.Supp.2s at 1068.  Further, as indicated by the Defendants in its motion

for summary judgment, the courts consider the following factors in assessing the reasonableness of

agency delay:  1) the time agencies take to make decisions must be governed by a rule of reason; 2)

where Congress has provided a timetable or other indication of the speed with which its expects the

agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of

reason; 3) delays that might be reasonable in the sphere of economic regulation are less tolerable when

human health and welfare are at stake; 4) the court should consider the effect of expediting delayed

action on agency activities of a higher or competing priority; 5) the court should also take into account

the nature and extent of the interests prejudiced by delay; and 6) the court need not find any impropriety

lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

Telecomm. Research and Action Ctr. v. FCC, 750 F.2d 70, 80 (D.C. Cir. 1984) ("TRAC").

        1.      There is No Rule of Reason As to Why Plaintiffs' Applications Have Not Been Adjudicated.

Currently, the USCIS is processing I-485 applications for adjustment of status received as of

July 2007.  Exh. O.  The Plaintiffs filed their I-485 applications for adjustment of status in April 2005.

There is no rule of reason how applications filed after the Plaintiffs' filings are being adjudicated first.

Further, the court recognized in Liu v. Chertoff, 2007 WL 2433337, *5 (E.D.Cal. 2007):

> [F]or most applicants, [it] can quickly determine if there are criminal or
> security related issues in the applicant's background that affect eligibility for immigration
> benefits.  For example, results of an IBIS check are "usually
> available immediately" and the FBI generally forwards fingerprint check
> responses to USCIS "within 24-48 hours."  Also, most FBI name checks are
> resolved quickly and less than one percent remain pending beyond six months.
> Cases pending longer than six months generally involve "highly sensitive"
> and "complex" information and therefore cannot be resolved quickly.

Considering the above information, there is no rule of reason why the FBI has not completed Plaintiff

Kirakosian's name check.  There has been no indication that Plaintiff Kirakosian's application is

1

2

3
particularly complex or any evidence presented that explains why Plaintiff Kirakosian's application

4
requires an extended delay of more than two-and-a-half years, far beyond the 180 days recommended by

5
Congress. See 8 U.S.C. § 1571. The FBI's delay in processing Plaintiff Kirakosian's name check

6
remains unexplained.

7
Further, the Defendants claim that the DHS and FBI are processing applications according to a

8
"first-in, first-out" rule. Defendants' Motion for Summary Judgement, p. 7. However, I-485

9
applications submitted AFTER Plaintiffs' submission almost three years ago have already been

10
processed. See Exh. O (USCIS Processing Times). Certainly, if the USCIS and the FBI were following

11
the process of "first in, first out processing," the Plaintiffs would not have brought this mandamus

12
action.

13
        2.      There is an Implicit Congressionally Mandated Timetable.

14
Even though Congress has not set forth an explicit statutory time limit for Adjudication of I-485

15
applications, the USCIS is required to conclude the matters presented to it within a reasonable time

16
under the APA. See 5 U.S.C. §§ 555(b), 706(1). Further, although not mandated, Congress has

17
expressed its intention that the processing of an immigration benefit application should be completed

18
not later than 180 days after the initial filing of the application. 8 U.S.C. § 1571(b). See also Yu v.

19
Brown, 36 F.Supp.2d 922, 932 (D.N.M. 1999) (although no time frame is expressly defined in the INA,

20
"a contrary position would permit [Defendants] to delay indefinitely," and "Congress could not have

21
intended to authorize potentially interminable delays"); Gelfer, 2007 WL 902382 at *2 ("[a]llowing the

22
respondents a limitless amount of time to adjudicate petitioner's [I-485] application would be contrary

23
to the 'reasonable time' frame mandated under 5 U.S.C. § 555(b), and ultimately, could negate the

24
USCIS's duty under 8 C.F.R. 245.2(a)(5)").

25
        3.      The Impact of the Delay is NOT Minimal in Comparison with the National

26

27

28

Plaintiffs' Opposition Motion                                        No. 07-05440 CW

Interest.

The third <u>TRAC</u> factor states that the delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake.  A number of courts have agreed that delays in the immigration arena affect human health and welfare, and that these delays are less tolerable than those that implicate economic interests.  <u>See Singh</u>, 470 F.Supp.2d at 1069.  <u>See Liu</u>, 2007 WL 2433337 at *8.  The Defendants are mistaken in their claim that the adverse impact caused by the delay is not substantial.  The Plaintiffs have been denied many rights accorded to lawful permanent residents (see discussion below).  Further, Plaintiffs suffer from the day-to-day stress of not knowing whether they will be able to settle permanently in the United States or if they will continue in this state of "limbo" indefinitely.

In considering the fifth <u>TRAC</u>, the nature and extent of interests prejudiced by the delay involve the preclusion of many important rights, such as the ability to freely work, freely travel abroad, the ability to immigrate close family members, the right to apply for citizenship—as an application cannot be filed for citizenship until 5 years after obtaining permanent resident status.  See  <u>Liu</u>, 2007 WL 2433337 at *8.  The Defendants indicate in their motion for summary judgment that the Plaintiffs are eligible to apply for work authorization and travel documents, thus the Plaintiffs are not suffering a substantial impact from the delay.  However, in order to ensure that they can travel home for emergencies or to visit family, the Plaintiffs need to continuously file for their advance parole documents , and pay filings fees totaling over $600.  Further, the Plaintiffs need to keep filing for their work authorization cards and pay filing fees totaling around $680.  The Plaintiffs must make sure they file 90 days before their work authorization expires; however, due to the USCIS' delay in processing work authorization cards, the Plaintiffs may even have a period of where they are not authorized to work.  There is, in fact, a continuous substantial impact on the Plaintiffs.

7

1    The Defendants in addressing the fourth <u>TRAC</u> factor refer to national security. There is no

2

3    question that national security is of high importance, however, "the mere invocation of national security

4    is not enough to render agency delay reasonable per se." <u>Singh</u>, 470 F.Supp.2d at 1069. The national

5    security interest claimed by the Defendants is questionable as the Plaintiffs have been present in the

6    United States for many years working, and the Defendants have done nothing to challenge their

7    presence, and as indicated above, Defendants have not indicated if Plaintiff Kirakosian's application

8
     renders higher scrutiny, or is more complex. See <u>Liu,</u> 2007 WL 2433337 at 7 ("Additionally, to the
9

10   extent that Defendants invoke national security as a reason for delay, the court rejects this explanation

11   given the length of delay and the fact that Plaintiffs have been living and working in the United States

12   during the pendency of their applications); <u>See also</u> <u>Konchitsky,</u> 2007 WL 2070325, *5; <u>Okunev v.</u>

13
     <u>Chertoff,</u> 2007 WL 2070325, *2 (N.D.Cal. 2007). ("Indeed, mere invocation of national security,
14

15   without a particular explanation of how it caused delay, is insufficient to justify delay").

16   Thus, considering that the Defendants have not put forth any substantial concerns for national

17   security, and considering the nature and extent of Plaintiffs' interests prejudiced by the delay—the

18   impact on the Plaintiffs is not minimal in comparison with the National Interest.

19
                    4.    The Delay in Adjudicating Plaintiffs' I-485 Applications Have Been
20                        Unreasonable.

21   The Defendants put forth the sixth and last <u>TRAC</u> in the following converse statement: "the

22   good faith of the agency in addressing the delay weighs against mandamus." Defendants' Motion for

23   Summary Judgment, p. 12. The good faith of the agency in addressing the delay is unreliable as

24   declarations and fact sheets from the USCIS indicate that most FBI name checks are resolved quickly

25

26   and less than one percent remain pending beyond six months and the FBI generally forwards fingerprint

27   check responses to USCIS "within 24-48 hours." See <u>Liu</u>, 2007 WL 2433337 at *5. Further as of

28

Plaintiffs' Opposition Motion                                        No. 07-05440 CW

February 14, 2008, the California Service Center is processing I-485 applications filed in July 2007.

Exh. O. See also Konchitsky, 2007 WL 2070325 at *5-6 (holding that absent a particularized

explanation justifying the delay, a more than two year delay in processing an I-485 application was

unreasonable as a matter of law); Gelfer, 2007 WL 902382 at *2 (holding that a more than two year

delay in processing an I-485 application was unreasonable as a matter of law where Defendants simply

asserted that the USCIS was awaiting the results of an FBI name check and did not point to a single

action taken to further the processing of the application or reason why the application was particularly

troublesome); Yong Tang v. Chertoff, 2007 WL 1821690 at *7-9 (D.Mass.2007) (holding that a nearly

four-year delay in processing an I-485 application was unreasonable where the Defendants made

representations that 90% of background checks can be completed in approximately 30-60 days, and

that, as of September 30, 2006, the wait time for adjustment applications was 7 months);  Yu v. Brown,

36 F.Supp.2d 922, 932 (holding that a two-and-a-half year delay in processing a lawful permanent

resident status application is on its face an unreasonable amount of time to process a routine application

and requires an explanation).

## IV.    CONCLUSION

The Plaintiffs respectfully request this Court deny Defendants' Motion for Summary Judgment.

When considering the relevant TRAC factors along with the length of time involved in this case, the

Defendants have failed to show that their actions have been reasonable as a matter of law.  Instead, this

Court should grant Plaintiffs' motion for summary judgment and order the DHS to expedite the

Plaintiffs' applications which have been under review for almost three years.  The Plaintiffs have a clear

right to relief under both the Mandamus Act and the Administrative Procedures Act.  The Defendants

have a clear non-discretionary duty to complete adjudication of Plaintiffs' I-485 Applications within a

reasonable time.  For these reasons, Plaintiffs respectfully request this Court grant motion for summary

judgement in their favor.

1

2

Dated: 02/14/2008

3

4                                                          _____/s/_____
                                                            Christina H. Lee
                                                            Attorney for Plaintiffs

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiffs' Opposition Motion                                    No. 07-05440 CW